IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ÁNGEL VILLODAS-ROSARIO,<br><br>**Defendant.** | CRIM. NO. 14-663(RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Defendant Ángel Villodas-Rosario's ("Villodas-Rosario" or "Defendant") *Motion for Reconsideration* of the Court's Order denying his *Motion for Compassionate Release*. (Docket Nos. 116 and 117). The *Motion for Reconsideration* is **DENIED** because Villodas-Rosario has not shown extraordinary and compelling circumstances meriting compassionate release under 18 U.S.C. § 3582(c)(1).

### I.   PROCEDURAL BACKGROUND[1]

On November 30, 2022, Defendant filed a *Motion for Compassionate Release*, arguing the sentencing judge premised his 144-month sentence on the unfounded presumption that Villodas-Rosario was guilty of dismissed state-court charges that did not lead to convictions. (Docket No. 101). On March 28, 2023, this

---
[1] For additional details, see the Order and Opinion issued on November 20, 2024, at Docket No. 116.

Court issued an Order denying Defendant's *Motion for Compassionate Release*, which the First Circuit vacated and remanded for further consideration on November 7, 2024. (Docket Nos. 108 and 114, respectively). In an Opinion and Order issued November 20, 2024, this Court once again denied Defendant's *Motion for Compassionate Release*, finding that Defendant failed to present extraordinary and compelling reasons justifying release and that the 18 U.S.C. § 3553(a) factors warranted against a sentence reduction. (Docket No. 116).

On November 22, 2024, Defendant filed a *Motion to Reconsider Opinion & Order* ("*Reconsideration*"), arguing it was error for the Court to apply the "revised U.S.S.G. § 1B1.13 policy statement rather than the Guidelines in effect when Mr. Villodas filed his motion in November 2022." (Docket No. 117 at 1). Specifically, Defendant contends three reasons compel reconsideration: (1) he was not given the opportunity to brief which Guidelines version should govern in violation of his due process rights and the First Circuit's mandate; (2) applying the revised Guidelines and policy statement retroactively violates principles of ex-post facto, "amounting to a manifest error of law"; and (3) applying a broadly-worded new policy without additional party input violates the party representation principle. Id.

Criminal No. 14-663 (RAM)                                                 3

    The Court placed the *Reconsideration* in abeyance to allow the parties "to brief *solely* the issue of whether or not this Court should assess Villodas-Rosario's motion for compassionate release under the new version of the U.S.S.G. § 1B1.13 policy statement," "[a]lthough nothing in the mandate [from the First Circuit] directs this Court to allow the parties further briefing." (Docket No. 118 (emphasis added)).

    Defendant filed a *Motion in Compliance*, arguing that the *Ex Post Facto Clause*, rules of statutory construction, and procedural fairness strongly disfavor retroactivity of the new policy statement. (Docket No. 119). Defendant contends that nothing in the language of § 1B1.13 requires courts to apply the amendments retroactively, and that to do so would be in direct conflict with specific language included in other provisions, like §§ 1B1.10-11. Id. at 2-5. Furthermore, Defendant asserts that applying the Guidelines in effect at the time of filing avoids unwarranted disparities and fosters procedural fairness – since courts, in light of Ruvalcaba,[2] were "free to consider virtually any 'extraordinary and compelling' reason" in November 2022. Meaning, individuals in Defendant's position "were entitled to a full review of their asserted reasons for reduction . . . without constraint

---

[2] United States v. Ruvalcaba, 26 F.4th 14 (1st Cir. 2022).

from the policy statement." Id. at 6. Lastly, Defendant argues that retroactive application of the most recent Guidelines would "reward procedural delays" caused by the Government's reliance on authority foreclosed by binding First Circuit precedent. Id. at 7.

The Government responded accordingly, asserting that the Court need not decide which version of the Guidelines applies because Defendant's motion "is doomed under either version" since the Court already found the § 3553(a) factors weigh against granting a sentence reduction. (Docket No. 123 at 1, 7-9 (citing United States v. D'Angelo, 110 F.4th 42, 53 (1st Cir. 2024) ("The compassionate release statute and relevant case law are abundantly clear: A district court may deny compassionate release motion if a defendant fails at any step, notwithstanding that court's analytical mistake at another step."))). Furthermore, they maintain the motion fails under either Guidelines rubric for assessing compelling and extraordinary reasons. Id. at 1, 9-18. The Government contends that Defendant merely makes a claim of legal error by the judge who imposed the sentence without explaining why that error was extraordinary, despite the fact that "'a change in sentencing law, standing alone, cannot suffice.'" Id. at 10-15 (quoting United States v. Trenkler, 47 F.4th 42, 50 (1st Cir. 2022)). Lastly, the Government argues that the facts of the case also undermine a claim of extraordinary and compelling

reason for release. Id. at 16-18. Defendant's "motion demands the district court recognize and correct what he said was an illegal sentence (as opposed to requesting the court exercise leniency based on an individualized review of his circumstances)." Id. at 11.

## II. LEGAL STANDARD

Under First Circuit precedent, reconsideration is "an extraordinary remedy which should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Thus, a district court may **only** grant a reconsideration if there is a "manifest error of law, [...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 2019 WL 3716472, at *2 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)).

Indeed "[w]hen the motion simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration." Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); *see also* Santa Cruz-Bacardi v. Metro Pavia Hosp., Inc., 2019 WL 44553620, at *2 (D.P.R. 2019) (motion for reconsideration "**unavailable if said request simply brings forth a point of disagreement between the court and the**

**litigant.**" (quoting Figueroa Carrasquillo v. Drogueria Cent., Inc., 2018 WL 8584211, at *2 (D.P.R. 2018))). Further, it may not be brought by a losing party to "raise legal theories that should have been raised earlier." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of P.R., 2018 WL 9412924, at *6 (D.P.R. 2018) (citation omitted). Hence, a reconsideration does "not provide a vehicle for a party to undo its own procedural failures." Peña-Fernández, 2019 WL 3716472, at *2 (quotation omitted).

### III. ANALYSIS

The Court is of the view that Defendant's sentence which is within the lower half of the Guidelines range stipulated in the plea agreement **does not** amount to the "extraordinary and compelling circumstances" required for compassionate release.

To grant Defendant's motion, the Court must find **both** that Defendant has presented an "extraordinary and compelling reason" warranting a sentence reduction **and** consider any applicable § 3553(a) factors to "determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Ruvalcaba, 26 4th at 18-19. At the time Villodas-Rosario filed his *Motion for Compassionate Release*, extraordinary and compelling circumstances could be "(A) medical reasons; (B) age; (C) family circumstances; and (D) '[o]ther [r]easons[.]'" United States v. Saccocia, 10 F.4th 1, 7

(1st Cir. 2021) (quoting U.S.S.G. § 1B1.13 (2021)). With the advent of prisoner-initiated motions for compassionate release and before the new Guidelines policy statement went into effect on November 1, 2023, the First Circuit held that "a district court – when adjudicating a prisoner-initiated motion for compassionate release – is not bound by the Sentencing Commission's current policy statement." Ruvalcaba, 26 4th at 16. This means that a court "may go beyond the confines of the Sentencing Commission's current policy guidance . . . in determining whether a particular circumstance or set of circumstances constitutes an extraordinary and compelling reason to grant the motion." Saccocia, 10 F.4th at 8. Thus, the Court reviews the **entire** record to find whether a defendant has shown there are extraordinary and compelling reasons for a sentence reduction. See United States v. Brake, 2021 WL 4555180, at *1 (D. Me. 2021); United States v. Ortiz-Aponte, 2021 WL 1030968, at *3 n.7 (D.P.R. 2021).

Even allowing for Defendant's argument that the new and revised Guidelines policy statement does not apply, the Court still fails to see how Defendant's arguments rise to the level of warranting release. "[I]t is within the district court's discretion . . . to determine on a case-by-case basis whether [] changes in law predicated on a defendant's particular circumstances comprise an extraordinary and compelling reason."

Ruvalcaba, 26 F.4th at 28. And "[t]here is a salient 'difference between automatic vacatur and resentencing of an entire class of sentences' . . . 'and allowing for the provision of individual relief in the most grievous cases.'" Id. at 27 (internal citation omitted). If anything, the newer policy statement highlighted a plausible avenue for an extraordinary and compelling reason – considering whether Defendant received an unusually long sentence given a change in the law and Defendant's individualized circumstances. Be that as it may, left to the prior policy and the Court's discretion at the time Defendant filed his motion, the Court finds no such compelling reason in the record or in Defendant's arguments warrants granting relief. See id. at 23 ("[D]istrict courts – when adjudicating prisoner-initiated motions for compassionate release – have discretion, unconstrained by any policy statement currently in effect, to consider whether a prisoner's particular reasons are sufficiently extraordinary and compelling to warrant compassionate release.").

Furthermore, the Court did not permit the parties to re-brief the § 3553(a) factors because Defendant does not get endless opportunities to test out theories with the Court, adjusting after-the-fact to considerations the Court stresses in its analysis. Villodas-Rosario had an opportunity to highlight matters of rehabilitation, education, medical circumstances, and other

changes in life that would possibly favor an early release. However, he failed to do so. Therefore, Defendant cannot come now to add additional arguments to his prior motion. His request will be assessed as is, under the standard he requests. As to Defendant's assertion that the Government's original response did not address the § 3553(a) factors and equates to acquiescence, that does not mean the Court is barred from considering the record and all § 3553(a) factors on its own. The Court is supposed to review the record, and it has done so thoroughly to make determinations and assess the nature of the offense conduct, as elaborated upon fully in its Opinion issued on November 20, 2024.

Accordingly, under either Guidelines policy, the Court finds that Defendant failed to raise an extraordinary and compelling reason that merits compassionate release, especially given the § 3553(a) factors, which disfavor a sentence reduction.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant Villodas-Rosario's *Motion for Reconsideration* at Docket No. 117.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of December 2024.

s/Raúl M. Arias-Marxuach<br>
UNITED STATES DISTRICT JUDGE